IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 17-0274-01-CR-W-GAF |
| | ) | |
| ELBERT J. HOLLY, | ) | |
| | ) | |
| Defendant. | ) | |

**REPORT AND RECOMMENDATION
CONCERNING PLEA OF GUILTY**

I held a change-of-plea hearing after this case was referred to me by United States District Court Judge Gary Fenner. I find that Defendant's plea is voluntary and therefore recommend that it be accepted.

## *I. BACKGROUND*

On August 29, 2017, an Indictment was returned charging Defendant with one count of Felon in Possession of a Firearm, in violation of 18 U.S.C. § 922(g)(1) and 924(a)(2). A change-of-plea hearing was held on February 11, 2019. Defendant was present, represented by appointed counsel Carrie Allen. The government was represented by Assistant United States Attorney Joseph Marquez. The proceeding was recorded and a transcript of the hearing was filed (Doc. No. 66).

## *II. AUTHORITY OF THE COURT*

The authority of federal magistrate judges to conduct proceedings is created and defined by the Magistrates Act, 28 U.S.C. § 636. Besides certain enumerated duties, the Act provides that a "magistrate may be assigned such additional duties as are not inconsistent with the Constitution and the laws of the United States." 28 U.S.C. § 636(b)(3).

The Eighth Circuit, following the reasoning of several other circuits, has held that magistrate judges may preside over allocutions and pleas in felony cases, so long as certain procedural safeguards are met. United States v. Torres, 258 F.3d 791, 795-96 (8th Cir. 2001); see also United States v. Dees, 125 F.3d 261 (5th Cir. 1997), United States v. Williams, 23 F.3d 629 (2d Cir. 1994). The reasoning applied by the appellate courts relies upon previous opinions by the United States Supreme Court that conducting jury *voir dire* falls within a magistrate judge's "additional duties" when the defendant has consented. See Torres, 258 F.3d at 795 (citing Peretz v. United States, 501 U.S. 923 (1991); Gomez v. United States, 490 U.S. 858 (1989)).

In Peretz, the Supreme Court held that when a defendant consents to a magistrate judge's involvement in *voir dire*, he waives any objection based on his right to have an Article III judge hear his felony case. 501 U.S. at 936. Moreover, the availability of *de novo* review by a district judge preserves the structural guarantees of Article III. Torres, 258 F.3d at 795. Applying the Peretz holding and adopting the reasoning of Williams, the Eighth Circuit held that the acceptance of guilty pleas bears adequate relationship to duties already assigned by the Magistrates Act in that "[a]n allocution is an ordinary garden variety type of ministerial function that magistrate judges commonly perform on a regular basis." Id. (quoting Williams, 23 F.3d at 633). Plea allocutions are substantially similar to evidentiary proceedings explicitly assigned by the Act. Id. at 796 (citing Dees, 125 F.3d at 265). Even if taking a guilty plea were considered to be of greater importance than those duties already assigned, the consent of the defendant saves the delegation. Id. "Consent is the key." Id. (quoting Williams, 23 F.3d at 633).

The Torres court also addressed the implications of such a delegation for Article III's case and controversy clause. Id. Because plea proceedings are submitted to the district court for

2

approval, the court retains ultimate control over the proceedings and is not bound to accept a plea taken by a magistrate judge.  Id.  Moreover, the district court's *de novo* review of the plea proceedings contributes to the ministerial nature of the magistrate judge's role.  Id.

Based on the above, I find that, with the consent of the defendant, the District Court may properly refer a felony case to a Magistrate Judge for conducting a change-of-plea hearing and issuing a report and recommendation on whether the plea should be accepted.

### III.  FINDINGS OF FACT

1. The defendant consented to the delegation of the change of plea to the magistrate judge (Tr. at 2-3).

2. On August 29, 2017, an Indictment was returned charging Defendant with one count of Felon in Possession of a Firearm, in violation of 18 U.S.C. § 922(g)(1) and 924(a)(2). Defendant indicated that he understood (Tr. at 4).

3. The statutory penalty for felon in possession of a firearm is not more than ten years, with a fine of not more than $250,000.00, and a supervised release term of not more than three years, and a $100.00 special assessment.  Defendant was informed of the penalty ranges and indicated that he understood (Tr. at 4-5).

4. Defendant was advised of the following:

    a. That he has a right to a trial by jury of at least 12 individuals and that their verdict must be unanimous (Tr. at 5);

    b. That he has the right to assistance of counsel throughout the trial (Tr. at 5);

c. That Defendant is presumed innocent, and the government has the burden of coming forward to prove Defendant's guilt beyond a reasonable doubt (Tr. at 5);

d. That Defendant's attorney would have the opportunity to cross-examine the government's witnesses (Tr. at 6);

e. That Defendant has the right to testify but does not have to, and that the jury could not make an adverse inference from the fact that Defendant may not testify at trial (Tr. at 6);

f. That Defendant has the right to subpoena witnesses to testify on his behalf (Tr. at 7); and

g. That Defendant has the right to appeal any conviction to the Eighth Circuit Court of Appeals (Tr. at 7).

5. Government counsel stated that if this case were to be tried, the evidence would be that on August 5, 2017, Kansas City, Missouri police officers observed a red Chevy Equinox, later determined to be driven by Defendant, engage in what they believed to be a narcotics transaction. (Tr. 9). At that point in time, the officers attempted to catch up with the vehicle, and the vehicle allegedly failed to stop for a stop sign at the intersection of Swope Parkway and College Boulevard, and that traffic violation was the basis for the actual stop of the vehicle. (Tr. 9). The officers observed what they believed to be a small plastic baggie containing something in Defendant's pocket and asked Defendant what it was. (Tr. 9). Defendant pulled out the baggie said it was a pair of dice. (Tr. 9). Upon further inspection, the officer observed a gram of white, rock-like substance also in the baggie that he believed to be crack cocaine. (Tr. 9). Defendant was asked to

exit the vehicle and as he exited the officer observed a gray-colored handgun sitting in between Defendant's feet on the driver's side floorboard. (Tr. 9-10). The firearm was a Taurus .380, semi-automatic handgun. (Tr. 10). Once Defendant was taken out of the car, a computer check revealed that he was driving on a revoked status, and he was convicted of a felony, thus prohibiting him from possessing the firearm. (Tr. 10). Defendant waived his <u>Miranda</u> rights and admitted to purchasing the narcotics in the area of 49th and Walrond and also to being in possession of the firearm, although he denied ownership of the firearm. (Tr. 10). A Special Agent with the ATF, who is an interstate nexus expert, would testify that the firearm had not been manufactured in Missouri and had previously traveled in interstate or foreign commerce to get to Missouri. (Tr. 10).

6. Defendant was placed under oath and advised of perjury implications for any misrepresentations. (Tr. at 12). Defendant stated he was within the Western District of Missouri on August 5, 2017. (Tr. at 12). On that date, Defendant already had a felony conviction. (Tr. 12-13). On that date, Defendant had in his possession a Taurus, .380-caliber, semi-automatic handgun. (Tr. 13). Defendant does not dispute that the firearm had traveled in interstate or foreign commerce (Tr. at 13).

7. I reviewed the plea agreement with Defendant (Tr. at 14-18). Defendant is aware that this is a conditional plea agreement, and understood what that means. (Tr. 15).

8. No one had made any threats or any other promises in order to get Defendant to plead guilty (Tr. at 18-19).

9. Defendant was satisfied with Ms. Allen's performance (Tr. at 19). There is nothing Defendant asked Ms. Allen to do that Ms. Allen did not do (Tr. at 19). Likewise, there is nothing Ms. Allen has done that Defendant did not want her to do (Tr. at 19).

10. Defendant is 56 years old (Tr. at 19). He has completed the tenth grade in high school, and obtained his GED. (Tr. 19-20). Defendant can read, write and understand the English language well (Tr. at 19-20). Defendant has no physical or mental health concerns that would prevent him from entering an intelligent and voluntary plea of guilty. (Tr. at 20). Defendant was not under the influence of any kind of drug or alcohol. (Tr. at 20-21).

11. Defendant tendered a plea of guilty Count One of the Indictment (Tr. at 22).

## IV. ELEMENTS OF THE OFFENSE

To sustain a conviction for being a felon in possession of a firearm, the Government must prove: (1) the defendant was previously convicted of a crime punishable by imprisonment exceeding one year; (2) the defendant knowingly possessed a firearm; and (3) the firearm had been in or had affected interstate commerce. United States v. Abfalter, 340 F.3d 646, 654 (8th Cir. 2003); United States v. Boyd, 180 F.3d 967, 978 (8th Cir. 1999); United States v. Horsman, 114 F.3d 822, 824 (8th Cir. 1997), cert denied, 522 U.S. 1053 (1998); United States v. Taylor, 122 F.3d 685, 688 (8th Cir. 1997).

## V. CONCLUSION

Based on the above, I make the following conclusions:

1. The district court may lawfully refer this case to a magistrate judge for issuance of a report and recommendation on whether Defendant's guilty plea should be accepted.

2. Defendant has consented to having his plea taken by a magistrate judge.

3. Defendant knowingly and voluntarily pleaded guilty to conduct establishing every element of Count One of the Indictment.

A copy of this Report & Recommendation, transcript and the plea agreement are being forwarded to the District Judge for review. It is, accordingly

RECOMMENDED that the court, after making an independent review of the record and the applicable law, enter an order accepting Defendant's guilty plea and adjudging Defendant guilty.

Counsel are advised that each has fourteen days from the date of this Report & Recommendation to file and serve specific objections to the same, unless an extension of time for good cause is obtained.

                                                 */s/ Robert E. Larsen*
                                                 ROBERT E. LARSEN
                                                 United States Magistrate Judge

Kansas City, Missouri
February 14, 2019